# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF VIRGINIA
### ABINGDON DIVISION

|  |  |  |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) ) ) | Case No. 1:03CR00018 |
| v. | ) ) ) ) | **OPINION** |
| **LABARON FREEMAN**, | ) ) ) | By: James P. Jones<br>Chief United States District Judge |
| Defendant. | ) |  |

*Labaron Freeman, Pro Se Defendant.*

The defendant brings this Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C.A. § 2255 (West Supp. 2009). Upon review of the record, I find that the motion is untimely and will accordingly dismiss it.

I

Defendant Labaron Freeman pleaded guilty on May 14, 2003, to one count of distributing more than five grams of cocaine base within 1000 feet of real property comprising a playground, in violation of 21 U.S.C.A. § 841(a) (West 1999 & Supp. 2009) and 21 U.S.C.A. § 860(a) (West 1999). On July 28, 2003, the defendant was sentenced to 188 months imprisonment. Freeman did not appeal.

Freeman signed this § 2255 motion on June 5, 2009.[1] Under "Ground One" on the § 2255 form, Freeman states:

> Due to the fact concerning the new Guidelines pretaining [sic] to crack cocaine Petitioner state that he was given a sentence longer than necessary to achi[e]ve purpose. Facts are based on the merits of the guidelines.

(Def.'s § 2255 Mot. 5.) Under Paragraph 18 of the § 2255 motion, he states that his motion is timely because of a "new law that was passed on 12/10/07 concerning the change in the sentencing [g]uidelines." (*Id.* 13.) In his demand for relief, Freeman states: "Since my state and federal sentences are running concurrent, I request that my federal release date coincide with my state release date . . . due to the 100 to 1 ratio law change." The court liberally construes Freeman's submissions to present a claim that he should be resentenced based on a decision by the United States Supreme Court, *Kimbrough v. United States*, 552 U.S. 85 (2007). He apparently argues that his § 2255 motion is timely filed under § 2255(f)(4) because it is filed within one year of the date on which he discovered the change in the law on which his claims are based.[2]

---

[1] Freeman previously filed a § 2255 motion on February 9, 2009, but I granted his request for voluntary dismissal of that motion on March 2, 2009.

[2] The court filed Freeman's current § 2255 motion conditionally, informed Freeman that it appeared to be untimely filed, and granted him an opportunity to provide any additional information about timeliness, which he attempted to do.

- 2 -

II

A person convicted of a federal offense has one year to file a § 2255 motion, starting from the latest of the following dates:

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C.A. § 2255(f). If the district court gives the defendant notice that the motion appears to be untimely and allows an opportunity to provide any argument and evidence regarding timeliness, and the defendant fails to make the requisite showing, the district court may summarily dismiss the motion. *See Hill v. Braxton*, 277 F.3d 701, 707 (4th Cir. 2002).

A defendant's conviction becomes final for purposes of § 2255(f)(1) when the defendant's opportunity to appeal the district court's judgment expires. *Clay v.*

- 3 -

*United States*, 537 U.S. 522, 525 (2003). His § 2255 motion is considered filed when he delivers it to prison authorities for mailing. Rule 3(d), Rules Governing § 2255 Proceedings; *Houston v. Lack*, 487 U.S. 266, 276 (1988) (finding that prisoner's notice of appeal from denial of habeas relief was filed when he delivered it to prison authorities for mailing to the court).

III

Under these principles, it is clear that Freeman's § 2255 motion is not timely filed. Therefore, I must dismiss his motion.

First, Freeman did not file his § 2255 motion within one year of the date on which his conviction became final, as required under § 2255(f)(1). Judgment was entered against him on July 28, 2003, and the conviction became final on or about August 11, 2003, when his opportunity to appeal expired. *See* Fed. R. App. P. 4(b)(1)(A)(i). At the earliest, his § 2255 motion is considered filed as of June 5, 2009, nearly six years after his conviction became final.

Second, Freeman did not file his § 2255 motion within one year of the decision by the Supreme Court on which his claims are apparently based, as required for timeliness under § 2255(f)(3). The *Kimbrough* case, which held that a district judge could depart downward based on his conclusion that the crack cocaine/powder

- 4 -

cocaine disparity in the sentencing guidelines would yield a sentence "greater than necessary" to achieve the sentencing statute's objectives in the defendant's case, was decided on December 10, 2007. Freeman filed his § 2255 motion on June 5, 2009, eighteen months after the *Kimbrough* decision. He cites other decisions by the Supreme Court as well, but they were also decided more than one year before he filed this action.

Third, Freeman's limitations period cannot be calculated under § 2255(f)(4), based on the date when he discovered the legal argument that he now brings under the *Kimbrough* case. A legal decision is not a "new fact" for purposes of this subsection. Moreover, Freeman fails to point to any new fact necessary for his current claim that he could only have discovered with due diligence within the year before he filed his § 2255 motion. Hence, he fails to show that his motion is timely under § 2255(f)(4). He also fails to demonstrate any ground on which his limitation period could be calculated under § 2255(f)(2) or on which he is entitled to equitable tolling of the limitation period. *See Harris v. Hutchinson*, 209 F.3d 325, 330 (4th Cir. 2000) (finding that equitable tolling is available only in "those rare instances where—due to circumstances external to the party's own conduct—it would be unconscionable to enforce the limitation period against the party and gross injustice would result").

- 5 -

For these reasons, there is no ground upon which the present motion might be deemed timely filed. Accordingly, it will be denied.

A separate Final Order will be entered herewith.

ENTER: July 27, 2009

/s/ JAMES P. JONES
Chief United States District Judge