# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ABINGDON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | Case No. 1:03CR00018 |
| v. | ) | **OPINION AND ORDER** |
| | ) | |
| LABARON FREEMAN, | ) | By: James P. Jones |
| | ) | United States District Judge |
| Defendants. | ) | |

*Jennifer R. Bockhorst, Assistant United States Attorney, Abingdon, Virginia, for United States; Brian J. Beck, Assistant Federal Public Defender, Abingdon, Virginia, for Defendant.*

In this proceeding under 28 U.S.C. § 2255, Labaron Freeman seeks resentencing based upon the decision of the Supreme Court in *Johnson v. United States,* 135 S. Ct. 2551 (2015), which struck down the so-called "residual clause" of the Armed Career Criminal Act as unconstitutionally vague. That decision was made retroactive by the Court in *Welch v. United States*, 136 S. Ct. 1257 (2016). Freeman contends that the determination at his 2003 sentencing that he was a career offender under the U.S. Sentencing Guidelines Manual ("USSG") violates the holding of *Johnson*. After careful consideration of his motion, I will deny relief.[1]

---

[1] The Supreme Court has granted certiorari in a case also presenting the issue of whether the identically worded residual clause in the former version of § 4B1.2 of the Sentencing Guidelines is void for vagueness. *Beckles v. United States*, 136 S. Ct. 2510

Freeman pleaded guilty on May 14, 2003, to distributing more than five grams of cocaine base within 1000 feet of real property comprising a playground, in violation of 21 U.S.C. § 841(a) and 21 U.S.C. § 860(a). On July 28, 2003, the defendant was sentenced to 188 months imprisonment. Freeman did not appeal. In 2009 he filed a pro se motion under § 2255 attacking his sentence, which was denied. (Order, July 27, 2009, ECF No. 33.) In 2015 the court denied a request that his sentence be reduced based on Amendment 782 to the Sentencing Guidelines on the ground that he had been sentenced as a career offender. (Order, May 28, 2015, ECF No. 37.) Freeman's present § 2255 motion was filed by counsel on June 22, 2016, after Freeman had been granted leave to file a second or successive § 2255 motion by the court of appeals.

The career offender provision of the Sentencing Guidelines provides a special — and sometimes higher — offense level for defendants who have been convicted of a crime of violence or a controlled substance offense and who have had at least two prior felony convictions of either a crime of violence or a

---

(2016) (order granting certiorari). Upon joint motion of the United States and the Office of the Federal Public Defender, an Order was previously entered in this case and others like it taking the present claim under advisement pending the decision in *Beckles*. (Order, July 13, 2016, ECF No. 45.) However, the Federal Public Defender has now requested that his client be excepted from this Order because his current prison release is only several months off. (Emergency Second Mot. for Release on Personal Recognizance Without Surety or for an Expedited Ruling 2, ECF No. 49) (requesting merits ruling to be made no later than October 31, 2016). I will grant this request.

controlled substance offense offense. USSG § 4B1.1(a). At the time Freeman was sentenced, "crime of violence" was defined by the Sentencing Guidelines as

> any offense under federal or state law, punishable by imprisonment for a term exceeding one year, that
>
> (1) has as an element the use, attempted use, or threatened use of physical force against the person of another, or
>
> (2) is burglary of a dwelling, arson, or extortion, involving use of explosives, *or otherwise involves conduct that presents a serious potential risk of physical injury to another*.

USSG § 4B1.2(a) (Nov. 1, 2002) (emphasis added). The italicized portion mirrors the language in the residual clause of the ACCA, 18 U.S.C. § 924(e)(2)(B), found to be unconstitutionally vague in *Johnson*.[2]

Freeman contends that he was found to be a career offender because of prior convictions for assault with a deadly weapon and for felony eluding arrest, the latter falling under the residual clause of § 4B1.2. He alleges that had he not been scored as a career offender, his offense level, and thus the guideline range of imprisonment, would have been lower. Accordingly, in light of *Johnson*, Freeman contends that his sentence ought to be vacated.

The government, while asking the court to reserve decision on the validity of the career offender residual clause until *Beckles* has been decided, reserves all of

---

[2] The Sentencing Commission has amended the Sentencing Guidelines to delete the residual clause in § 4B1.2(a)(2), effective August 1, 2016, 81 Fed. Reg. 4741-02 (2016), but has not made the amendment retroactive.

its defenses, including "timeliness, procedural default, and waiver." (Joint Ominbus Mot. to Hold in Abeyance Petitions Filed Under 28 U.S.C. § 2255 Challenging Sentencing Guideline Determinations in Light of *Johnson v. United States*, 135 S. Ct. 2551 (2015) 3, ECF No. 44.)

While there are differing opinions on this issue,[3] I find that *Johnson* is not controlling. I hold that the Guidelines, "whether advisory or mandatory, cannot be unconstitutionally vague because they do not establish the illegality of any conduct and are designed to limit and assist the sentencing judge's discretion." *In re Anderson*, 829 F.3d 1290, 1292 (11th Cir. 2016). Moreover, I find that the Supreme Court's retroactivity ruling in *Welsh* applied only to the holding of

---

[3] Compare *United States v. Matchett*, 802 F.3d 1185, 1193–96 (11th Cir. 2015) (rejecting the argument that the residual clause in § 4B1.2 is unconstitutionally vague in light of *Johnson*), *United States v. Wilson*, 622 F. App'x 393, 405 n.51 (5th Cir. 2015) (unpublished) (in considering the applicability of Johnson, noting "[o]ur case law indicates that a defendant cannot bring a vagueness challenge against a Sentencing Guideline"), *United States v. Bacon*, No. CR-10-025-JLQ, 2016 WL 6069980, at *6 (E.D. Wash. Oct. 14, 2016) (holding that due process concerns cannot apply to career offender guideline because it does not affect the maximum statutory sentence for the offense of conviction), and *United States v. Haynes*, No. 5:15-CV-212-FL, 2016 WL 4402002, at *3 (E.D.N.C. Aug. 18, 2016) (noting that "singular focus on the close linguistic connection between the two clauses (and the corresponding effect of that connection) ignores the legal differences between binding statutes, like the ACCA, and advisory Sentencing Guidelines meant only to guide a sentencing court's exercise of its discretion"), with *United States v. Hurlburt*, No. 14-3611, No. 15-1686, 2016 WL 4506717, at *7 (7th Cir. Aug. 29, 2016) ("Applying *Johnson*, we hold that the residual clause in § 4B1.2(a)(1) is unconstitutionally vague."); *United States v. Madrid*, 805 F.3d 1204, 1211 (10th Cir. 2015) (holding that the residual clause of § 4B1.2(a)(2) is void for vagueness); and *United States v. Taylor*, 803 F.3d 931, 933 (8th Cir. 2015) (finding that previous circuit precedent holding that the guidelines cannot be unconstitutionally vague because they do not proscribe conduct is doubtful after *Johnson*).

*Johnson*, and not to the issue raised in this case. *See id.* Thus, while the Fourth Circuit found that Freeman has asserted a prima facie showing of a new rule of constitutional law permitting a successive § 2255 motion, *see In re Hubbard*, 825 F.3d 225, 229 (4th Cir. 2016), on "a fuller exploration by [this court]," *id.*, I conclude that Freeman's sentence is not subject to collateral attack.

Moreover, Freeman's motion is barred by the statute of limitations, as contended by the government. Section 2255 provides that a one-year limitation period is triggered by one of four conditions, whichever occurs the latest:

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f). The accrual period contained in clause (3) above cannot apply to this case because *Johnson* did not recognize a right relating to the

Sentencing Guidelines and thus Freeman's claim as to his career offender status was barred after one year from the date his judgment became final.

For these reasons, I will deny the § 2255 motion. Because I do so, I will also deny his request for release on bond.[4]

Accordingly, the Motion to Correct Sentence Re: 28 U.S.C. § 2255 (ECF No. 42) and the motions for bond (ECF Nos. 46, 49) are DENIED.

A certificate of appealability may issue only upon a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The prospective appellant must demonstrate that reasonable jurists could debate whether the issues presented should have been decided differently or that they are adequate to deserve encouragement to proceed further. *Miller-El v. Cockrell*, 537 U.S. 322, 336–38 (2003); *Slack v. McDaniel*, 529 U.S. 473, 483–84 (2000). After reviewing the claim presented in light of the applicable standard, I find that a certificate of appealability is warranted and is thus GRANTED as to all of the issues presented in this case.

It is so **ORDERED**.

---

[4] While federal courts have inherent authority to grant bail in post-conviction proceedings, that power should be used sparingly and only when the petitioner shows "substantial constitutional claims on which he has a high probability of success, and exceptional circumstances." *United States v. Eliely*, 276 F. App'x 270, 270 (4th Cir 2008) (unpublished).

ENTER: October 24, 2016

/s/  James P. Jones
United States District Judge